UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YICK Q. LEE, Individually and on Behalf of All Others Similarly Situated,<br>Plaintiffs<br><br>- against -<br><br>NISSAN 26 MANAGEMENT LLC and DAR AL-YEMEN INC.,<br><br>Defendants | 26 Civ. 5883<br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, YICK Q. LEE, by and through his counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, hereby files this Complaint and respectfully alleges against Defendants**:**

**STATEMENT OF CLAIM**

1. Despite the unequivocal mandate of the ADA which has been in place for more than 3 decades, Defendants have elected to disregard their legal obligation to remove existing unlawful architectural barriers at its public accommodation. This deliberate indifference constitutes an ongoing policy and practice that systemically denies Plaintiff, and all other individuals who use wheelchairs or scooters due to disabilities, equal access to and full enjoyment of Defendants' facilities. As a result, mobility impaired individuals are unjustly excluded from the benefits, privileges, and services that a public accommodation is required to provide under the law.

2. Plaintiff files this action on behalf of himself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq*, and New York City Human Rights Law, Admin. Code § 8-107, *et seq*.

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

**VENUE AND JURISDICTION**

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

5. The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state law violations pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

7. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

**PARTIES**

8. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of New York County, New York.

9. Defendant NISSAN 26 MANAGEMENT LLC is a New York domestic business corporation company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Nassau County.

10. Defendant NISSAN 26 MANAGEMENT LLC is owner of the commercial property which houses a public accommodation named Dar Al-Yemen Restaurant located at 131-05 Rockaway Boulevard, South Ozone Park, New York.

11. Defendant DAR AL-YEMEN INC. is a New York domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Queens County.

**CLASS ACTION**

12. Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use wheelchairs, by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, and who are protected by, and are beneficiaries of, the ADA and New York State Law.

13. Plaintiff, complaining for himself and all others similarly situated residents in the City of New York and State of New York hereby alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

14. References to "Plaintiffs" shall be deemed to include the individually named Plaintiffs, and each member of the Class, unless otherwise indicated.

**STATUTORY SCHEME**

15. The 2020 United States Census indicates that more than 61 million persons in the United States have a disability. More than 535,000 New York City residents live with an ambulatory disability.

16. The ADA, New York State Human Rights Law, and New York City Human Rights Law recognize individuals with disabilities as a protected class.

17. It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

18. The ADA, New York State Human Rights Law, and New York City Human Rights Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

19. Construction and accessibility alterations made on or after March 15, 2012 must comply with the 2010 ADA Standards for Accessible Design. *See* 28 CFR Part 36 Subpart D and ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendices B and D. (The 2010 ADA Standards for Accessible Design are hereinafter referred to as “2010 Standards”).

20. Construction and accessibility alterations commenced after January 26, 1992, and before September 15, 2010, must comply with the 1991 ADA Accessibility Standards. *See*, 28 CFR Part 36 Appendix A. (The 1991 ADA Accessibility Standards are hereinafter referred to as “1991 Standards”).

21. Where a public accommodation undertakes an alteration that affects or could affect usability of or access to the public accommodation, it must implement accessibility alterations to the maximum extent feasible so that the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area are readily accessible to and usable by individuals with disabilities.

22. Public accommodations have a continuous legal obligation to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations.

23. Failure to remove all readily achievable architectural barriers is defined as disability

discrimination in violation of the ADA. *See* 42 U.S.C. § 12182(b)(2)(A)(iv).

24. The ADA requires public accommodations to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

25. If changes are made in the main use or dominant occupancy of such building, Defendants must implement accessibility features and construction to the entire building, as if the building were hereinafter erected, including direct unobstructed access from the sidewalk to the entrance.

26. Public accommodation located in the City of New York must comply with the Building Code of the City of New York (hereinafter referred to as "BCCNY"). Where BCCNY and ADAAG differ, the standard that provides greater or equal protection for the right of individuals with disabilities shall prevail.

27. The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA and New York City Human Rights Law.

28. The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA, New York City Human Rights Law or New York State Human Rights Law. Property leases which contain contradictory language is superseded by the ADA.

29. Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law, and New York State Human Rights Law.

**FACTUAL BACKGROUND**

30. Plaintiff is substantially limited in walking. As a result, he uses a wheelchair for mobility.

31. Defendant NISSAN 26 MANAGEMENT LLC owns or leases the commercial property

which houses the public accommodation named Dar Al-Yemen Restaurant located at 131-05 Rockaway Boulevard, South Ozone Park, New York (hereinafter ‘public accommodation’).

32. Defendant DAR AL-YEMEN INC. owns or operates the public accommodation named Dar Al-Yemen Restaurant located at 131-05 Rockaway Boulevard, South Ozone Park, New York.

33. Several times since 2025, Plaintiff has visited Defendants’ public accommodation, however, was unable to enter because there is a step that obstructs him from entering from entering the restaurant.

34. The floor elevation of the immediate entrance of the public accommodation is within 18 inches of the sidewalk.

35. Upon information and belief, since 1992, Defendants’ public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

36. Upon information and belief, Defendants have made construction and accessibility alterations to the commercial space which houses the public accommodation on or after March 15, 2012.

37. In 2018/2019, Defendants undertook substantial construction and accessibility-related alterations to the commercial space housing Dar al-Yemen restaurant. Despite those alterations, Defendants failed to make its dining tables or bathroom accessible or provide an accessible route into the public accommodation

38. Plaintiff is regulated in the area where Defendants’ public accommodation is located had visited Defendants' public accommodation several times. However, he was unable to enter because of the unlawful architectural barriers identified below prevented him from using and

accessing Defendants' public accommodation. For example, the restaurant did not have any accessible route leading from the sidewalk to the restaurant

39. Plaintiff is deterred from visiting Defendants' public accommodation because of the existing accessibility barriers.

40. Plaintiff is regularly in the area where Defendants' public accommodation is located and intends to return to and avail himself the goods and services offered to the public by Defendants' public accommodation once it becomes readily accessible and usable.

41. Plaintiff is aware of all the architectural barriers identified herein. All the architectural barriers alleged herein, obstruct Plaintiff equal access and use of Defendants' public accommodation.

42. Features of Defendants' public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

a. Does not provide an accessible entrance within the site from the public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve in violation of the 2010 Standards § 206.2.1; 2014 BCCNY 1105.1 requires All public entrances to be accessible.

b. The entrance to the public accommodation is not part of an accessible route from the sidewalks, in violation of the 2010 Standards § 206.2.1.

c. There does not exist an accessible route to enter Defendant's public accommodation, in violation of 28 CFR § 36.403(e); 1991 Standards § 4.3.2; 2010 Standards § 402.

d. Does not provide an accessible means of egress is not provided, in violation of the 1991 Standards § 4.3.10; 2010 Standards § 207.1.

e. There does not exist level maneuvering clearance to enter Defendants public accommodation in violation of the 1991 Standards § 4.13.6, 2010 Standards 404.2.4

f. Walkway to enter Defendants' public accommodation has unlawful changes in level and openings in violation of the 1991 Standards § 4. 5.2; 2010 Standards §§ 302 and 303.2.

g. Upon information and belief, the closing speed of the entrance door is more than 5 seconds in violation of the 2010 Standards § 404.2.8.

h. The front counter is higher than 34 inches above the finished floor, in violation of 1991 Standards 5.2.

i. The front counter that is higher than 36 inches above the finished floor, in violation of 2010 Standards §§ 227 and 904.

j. The bathroom door is less than the minimum clear opening of 32 inches in violation of the 1991 Standards § 4.13.5 and 2010 Standards § 404.2.3.

k. There does not exist sufficient maneuvering clearance perpendicular to the bathroom entrance door in violation of the 1991 Standards § 4.13.6, Fig. 25; 2010 Standards § 404.2. Consequently, Plaintiff, a wheelchair user, cannot reach or access the door hardware to open the bathroom door.

l. Defendants place extra tables and a garbage receptacle beside the bathroom door, obstructing the maneuvering clearance Plaintiff needs to access the door while using a wheelchair.

m. The bathroom does not have sufficient clear floor space. The floor space available is less than 48 inches wide and 56 inches long in violation of 1991 Standards § 4.16.2, and less than 56 inches minimum measured perpendicular from the rear wall and 60 inches minimum measured perpendicular from the sidewall in violation of the 2010 Standards § 604.3.

n. The door hardware of Defendants' bathrooms is inaccessible in violation of 1991 Standards § 4.13.9; 2010 Standards § 309. The door hardware cannot be operated with one hand and requires tight grasping and pinching.

o. The towel dispenser located in the bathroom is at an inaccessible location and height in violation of 1991 Standards and 2010 Standards § 308.

p. The bathroom mirror is at an inaccessible height. The bottom edge of the mirror is more than 40 inches above the floor in violation of the 1991 Standards § 4.19.6 and 2010 Standards § 603.3

q. The lavatories and sinks are inaccessible in violation of the 1991 Standards § 4.19; 2010 Standards § 606; 2014 BCCNY 1109.2.3.

r. There does not exist any clear floor space to access the bathrooms sink in violation of the 1991 Standards §§ 4.19, 4.24.5 and 2010 Standards § 606.2.

s. The bathrooms sink is inaccessible in violation of the 1991 Standards §§ 4.19, 4.24. and 2010 Standards § 606; 2014 BCCNY 1109.2.3. The sink does not have any knee clearance in violation of 1991 Standards 4.24.5.

t. The soap dispenser is mounted on the wall at the inaccessible location in violation of the 1991 Standards and 2010 Step.

u. There does not exist a rear wall grab bar in violation of the 2010 Standards § 604.5 and 1991 Standards § 4. 16.4, Fig. 29.

v. There does not exist a side wall grab bar in violation of the 2010 Standards § 604.5. 1991 Standards § 4. 16.4, Fig. 29; 2010 Standards § 604.5.1.

w. The hot water and drain pipes under the lavatory are exposed and not insulated or otherwise configured to protect against contact in violation of the 1991 Standards § 4.19.4; 2010 Standards § 606.5.

x. Upon information and belief, the centerline of the toilet is not 16 inches minimum to 18 inches maximum from the side wall in violation of 2010 Standards § 604.2.

y. Upon information and belief, the height of the toilet is not 17 inches to 19 inches, measured to the top of the toilet seat in compliance with 1991 Standards § 4.16.3.

43. Plaintiff has visited the public accommodation several times and is frequently near it.

44. Plaintiff is deterred from visiting Defendants' public accommodation because of the existing accessibility barriers.

45. Plaintiff intends to return to and avail himself the goods and services offered to the public by Defendants' public accommodation once it becomes readily accessible to and usable.

46. The removal of existing architectural barriers is readily achievable.

47. To date, Defendants have failed to remove the architectural barriers.

**FIRST CAUSE OF ACTION**
**(Violations of the Americans with Disabilities Act)**

(Injunctive Relief)

48. Plaintiff is an individual with a disability as that term is defined by the ADA.

49. Defendants' restaurant named Dar Al-Yemen Restaurant located at 131-05 Rockaway Boulevard, South Ozone Park, New York is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104.

50. The primary function of Defendants public accommodation is dining and food service.

51. Defendants failed to ensure that, to the maximum extent feasible, the path of travel to the

altered area, including the restroom and dining tables, are readily accessible to and usable by individuals with disabilities.

52. Defendants failed to make alterations to their public accommodation pursuant to the 1991 Standard and 2010 Standard.

53. Defendants' policy and practice to not remove its existing architectural barriers is unlawful and in violation of the ADA.

54. Defendants failed to design and construct its public accommodation that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

55. It is not structurally impracticable for Defendants' public accommodation to be accessible.

56. Defendants' public accommodation is not fully accessible to, or readily useable by individuals with disabilities.

57. Since 1992, Defendant's public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

58. Defendants failed to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities in violation of 42 U.S. Code § 12183(a)(2).

59. It is not impossible for Defendants to remove the architectural barriers which exist at its public accommodation.

60. Defendant's public accommodation is not fully accessible to, or readily useable by individuals with mobility disabilities who use wheelchairs.

61. Defendants have discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

62. Defendants have subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

63. Defendants have afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

64. Defendants have provided Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

65. Defendants have not afforded Plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

66. Defendants have denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

67. Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S.

Code § 12182(b)(2)(A)(i).

68. Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

69. Defendants have failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

70. Defendants should have achieved accessibility by January 26, 1992.

71. The barriers to access Defendant's public accommodation continue to exist.

72. Reasonable modification exist which do not impose an undue hardship on the operation of the Defendant's program or activity.

73. Reasonable modification could be made which do not fundamentally alter the nature of the Defendant's program or activity.

74. The removal of existing architectural barriers is readily achievable.

**SECOND CAUSE OF ACTION**
**(Violations of New York State Human Rights Law)**

(Injunctive Relief and Damages)

75. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

76. Plaintiff is an individual with a disability as that term is defined by New York State Human Rights Law.

77. Dar Al-Yemen Restaurant located at 131-05 Rockaway Boulevard, South Ozone Park, New York is a public accommodation within the meaning of New York State Human Rights Law § 292(9).

78. Defendants own, operate, or leases a public accommodation named Dar Al-Yemen Restaurant located at 131-05 Rockaway Boulevard, South Ozone Park, New York.

79. Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

80. Defendants' direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

81. Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

82. Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

83. Defendants and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

84. Defendants discriminated against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

85. As a direct and proximate result of the disability discrimination perpetrated by Defendants in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer physical pain, and emotional distress -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, and otherwise sustained injury.

**THIRD CAUSE OF ACTION**
**(Violations of New York State Civil Rights Law)**

(Statutory Damages on Behalf of Plaintiff)

86. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

87. On the basis of Plaintiff's disability, Defendants have violated his Civil Rights.

88. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

89. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

90. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

**FOURTH CAUSE OF ACTION**
**(Disability Discrimination in Violations of NYC Human Rights Law)**

(Injunctive Relief and Damages)

91. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

92. Plaintiff is an individual with a disability as that term is defined by NYC Human Rights Law.

93. Dar Al-Yemen Restaurant located at 131-05 Rockaway Boulevard, South Ozone Park, New York is a place or provider of public accommodation within the meaning of New York City Administrative Code § 8-102(9).

94. Defendants' refusal, withheld from or denial to a disabled person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation constitutes

discrimination in violation of New York City Admin. Code § 8-107(4).

95. Defendants' practice to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of such person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by NYC Human Rights Law constitutes discrimination in violation of New York City Human Rights Law, Administrative Code § 8-107(19).

96. In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiff and all others similarly situated.

97. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

98. In violation of New York City Admin. Code, on the basis of Plaintiff's disability, Defendants have demonstrated that the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

99. Pursuant to New York City Human Rights Law § 8-502, notice of this action has been served upon New York City's Commission on Human Rights.

100. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer physical pain, and emotional distress -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, and otherwise sustained injury.

**FIFTH CAUSE OF ACTION**
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**
(Injunctive Relief and Damages on Behalf of Plaintiff)

101. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

102. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

103. The conduct of Defendants constitutes a failure to provide Plaintiff reasonable accommodations and modifications in violation of NYC Human Rights Law 8-107(15).

104. In violation of New York City Admin. Code 8-102(4) and (18), and 8-107(4) and 8-107(15), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

105. The necessary reasonable accommodation does not cause Defendants an undue hardship.

106. The conduct of Defendants constitutes discrimination for refusal, or otherwise failure to engage in good faith in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the covered entity has notice may require an accommodation related to disability in violation of New York City Human Rights Law, Administrative Code § 8-107(28)(c).

107. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer physical pain, and emotional distress -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, and otherwise sustained injury.

**SIXTH CAUSE OF ACTION**
**(Aiding and abetting in violation of New York City Human Rights Law § 8-107(6))**

108. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

109. Defendants have aided, abetted, compelled, and coerced each other in the doing of any of the acts forbidden in violation of New York City Human Rights Law, Administrative Code § 8-107(6).

110. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer physical pain, and emotional distress -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, and otherwise sustained injury.

**SEVENTH CAUSE OF ACTION**
**(Declaratory Relief)**

111. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

112. Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendants specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief from the Court:

A. Certify this case as a class action;

B. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter its public accommodation making such public accommodation readily

accessible to and usable to individuals with disabilities, 3) adopt a policy and procedure to handle requests for reasonable accommodations; and 4) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Human Rights Law, New York City Human Rights Law, and Title III of the ADA.

C. Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and New York City Administrative Code, and its implementing regulations and declaring the rights of Plaintiff and other persons similarly situated as to policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

D. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* violation.

E. Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law.

F. Award statutory damages in the amount of $500 for each of Defendants violation of New York State Civil Rights Law § 40-c and 40-d.

G. The court retain jurisdiction over the Defendants until the court is satisfied that the unlawful practices, acts and omissions no longer exist and will not reoccur.

H. Award Plaintiff compensatory damages in the amount of $20,000 for the discrimination perpetrated by Defendants in violation of New York State Human Rights Law.

I. Award Plaintiff compensatory damages in the amount to be determined by trial for the discrimination perpetrated by Defendants in violation of New York City Human Rights Law.

J. Award plaintiff punitive damages in the amount to be determined by the jury for Defendants reckless disregard of Plaintiff's civil rights and their intentional discrimination in violations of New York City Human Rights Law.

K. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated: September 22, 2026

Law Offices of James E. Bahamonde, P.C.

_/s/ James E. Bahamonde ___________
JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiffs
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: James@CivilRightsNY.com